# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00168-MR
# (CRIMINAL CASE NO. 1:00-cr-00047-MR-WCM-2)

| | |
|---|---|
| ERIC ALFONZO HARTGROVE, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 7]. The Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

I.   **BACKGROUND**

On July 11, 2000, Petitioner Eric Alfonzo Hartgrove ("Petitioner") was charged, along with four co-defendants, in a Bill of Indictment with one count

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:16-cv-00168-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:00-cr-00047-MR-WCM-2.

of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); two counts of Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951, 2 (Counts Five and Ten); one count carrying and brandishing of a firearm during and in relation to the charge in Count Five of Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c), 2 (Count Six); one count of carrying and brandishing a firearm during and in relation to the charge in Count Ten of Hobbs Act robbery, in violation of 18 U.S.C. § 924(c) (Count Eleven); one count of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Thirteen); one count of carrying and brandishing of a firearm during the drug-trafficking offense and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c), 2 (Count Fourteen); and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 16 and 18). [CR Doc. 3: Sealed Indictment].

The Indictment lists Petitioner's § 924(c) charges in Counts Six and Eleven as related to "a crime of violence, that is, the violation of Title 18, United States Code, Section 1951, set forth in" Counts Five and Ten, respectively. There is no reference to 18 U.S.C. § 2 in Counts Six or Eleven as a possible predicate offense. Petitioner's § 924(c) charges in Counts Six

and Eleven are, therefore, specifically limited to the charge in Counts Five and Ten for Hobbs Act robbery, not for aiding and abetting Hobbs Act robbery.

On August 18, 2000, Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts One (Hobbs Act robbery conspiracy), Five (Hobbs Act robbery and aiding and abetting Hobbs Act robbery), and Six and Eleven (both § 924(c)'s with Hobbs Act robbery predicates) and the Government agreed to dismiss any remaining counts against the Petitioner. [CR Doc. 51 at 1: Plea Agreement]. On August 24, 2000, Petitioner pleaded guilty in accordance with the Plea Agreement. [CR Doc. 54: Entry and Acceptance of Guilty Plea].

The Petitioner's sentencing hearing was held on March 1, 2001, before the Honorable Lacy H. Thornburg, United States District Judge.[2] The Court sentenced Petitioner to terms of imprisonment of 50 months on each of Counts One and Five, to be served concurrently; a term of 50 months' imprisonment on Count Six and 200 months' imprisonment on Count Eleven, both to run consecutively to any other term of imprisonment imposed in the Judgment, for a total term of 300 months' imprisonment. [CR Doc. 124 at 2: Judgment]. Judgment on this conviction was entered on March 23, 2001.

---

[2] Following Judge Thornburg's retirement, this matter was reassigned to the undersigned.

[Id.]. Petitioner did not file a direct appeal from this Judgment.

On June 15, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his convictions under 18 U.S.C. § 924(c) are invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 2]. Upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640. [CV Doc. 4]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. On the Government's request, this matter was in turn stayed pending Davis. [CV Doc. 6]. The Supreme Court decided Davis on June 24, 2019. The next day this Court lifted the stay and ordered the Government to respond to the Petitioner's motion by August 23, 2019. The Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 7]. The Petitioner responded to the Government's motion [Doc. 8] and the Government replied [Doc. 11].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner claims argues he is entitled to relief on these grounds because, under Johnson, his convictions on Counts Six and Eleven were imposed in violation of the Constitution and laws of the United States. [CV Doc. 1 at 1-2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the

ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

The Petitioner argues his § 924(c) convictions are invalid under Johnson. [Doc. 1 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

6

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, Petitioner's conviction for Hobbs Act robbery can qualify as a § 924(c) "crime of violence" only under the force clause. [Doc. 1 at 5]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's convictions on Counts Six and Eleven are valid only if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause. Recently, the Fourth Circuit squarely concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). As such, Petitioner's § 924(c) convictions predicated on Hobbs Act robbery are valid.

In response to the Government's motion to dismiss, Petitioner argues for the first time that Petitioner's § 924(c) convictions were predicated on both Hobbs Act robbery and aiding and abetting Hobbs Act robbery. [See

Doc. 8 at 1, 3-8].³ Further, Petitioner argues that, under the circumstances here, the Court must assume Petitioner's convictions were predicated on the "least serious" charge of aiding and abetting Hobbs Act robbery. [Id. at 5-8]. Petitioner argues that aiding and abetting Hobbs Act robbery is not a "crime of violence" "because, like conspiracy to commit Hobbs Act robbery, it does not 'invariably require the actual, attempted, or threatened use of force.'" [Doc. 8 at 3-4 (quoting United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019)]. This argument, however, is factually and legally unsupported.

First, as noted supra, the Indictment specifically limits Petitioner's § 924(c) predicates to Hobbs Act robbery and does not include aiding and abetting Hobbs Act robbery. [CR Doc. 3 at 3, 6]. As such, Petitioner pleaded guilty to and Petitioner was convicted of a violation of § 924(c) predicated on Hobbs Act robbery.

Second, even if Petitioner's § 924(c) convictions were predicated on aiding and abetting Hobbs Act robbery, the convictions are still valid. Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. §

---

³ This claim is not even mentioned in the Petition, [CV Doc. 1], and no motion to amend the claim has been filed.

2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"). United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

"Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Aiding and abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the force clause of Section 924(c). Id.; United States v. Grissom, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); United States v. McKelvey, 773 Fed. App'x 74, 75 (3d Cir. 2019) (same).

As such, Petitioner's convictions under 18 U.S.C. § 924(c) on Counts Six and Eleven are valid because Hobbs Act robbery is a "crime of violence" under § 924(c)'s force clause. Further, even if Petitioner's § 924(c)

convictions were predicated on aiding and abetting Hobbs Act robbery, they would still be valid. The Court will, therefore, grant the Government's motion to dismiss Petitioner's § 2255 motion to vacate.

**IV.   CONCLUSION**

Having concluded that Petitioner's convictions under § 924(c) are valid, the Court will grant the Government's motion to dismiss.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED** and the Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 27, 2019

Martin Reidinger
United States District Judge